[NOT FOR PUBLICATION]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KOKEN et al., | : | |
| Plaintiff, | : | Civil Action No. 06-1024 (FLW) |
| v. | : | |
| MORELLI et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**WOLFSON, United States District Judge**

  Presently before the Court are two matters.  The first is Plaintiff's Motion to Dismiss the

arbitration between Plaintiff, the Liquidator of Reliance Insurance Company (In Liquidation)

("Liquidator"), and Defendant, Sureco National, LLC ("Sureco"), and to lift the stay of this

action imposed by the Consent Order dated September 29, 2006, as amended by Stipulation

dated April 5, 2007.  Defendants have not filed any opposition to this motion.  The Court has

considered the moving papers, there being no opposition thereto, and for the reasons that follow

the Court holds that Plaintiff's motion to dismiss arbitration and lift the stay of this action is

granted.  The second matter is raised by the Court sua sponte and is related to Defendants',

Nicholas H. Teetelli ("Teetelli") and Sureco National, LLC ("Sureco")s failure to retain counsel

pursuant to the July 2, 2007 Order of the Honorable John J. Hughes, U.S.M.J.  Since Teetelli and

Sureco have not contacted the Court since their former attorneys withdrew from this matter, the

Court will give them one final opportunity to comply with Judge Hughes' Order.  Teetelli shall

have (14) days to either file his entry of appearance pro se or have counsel enter an appearance

on his behalf.  Sureco shall have (14) days to have counsel enter an appearance.  If no appearance

is entered by either or both Defendants, then Plaintiffs shall have leave to file for default

judgment against Teetelli and Sureco.

I.      BACKGROUND

        Effective January 1, 1998, Reliance Insurance Company ("Reliance") and Sureco

entered into a Program Manager's Agreement (the "Agreement"). (Compl. Ex. B, C).  On March

6, 2006, the Liquidator filed this action against Sureco and its two principals Alfred "Fred"

Morelli ("Morelli") and Teetelli, alleging breach of contract, breach of fiduciary duty, unjust

enrichment, and conversion. On May 23, 2006, Sureco filed a motion to stay this action pending

arbitration, based on the arbitration clause in the Agreement.  On September 29, 2006, this Court

and the parties entered into a Consent Order whereby, inter alia, the parties agreed to submit the

Liquidator's claims against Sureco regarding the owed premiums to arbitration and stay this

action pending completion of the arbitration.  Pursuant thereto, each party was to select an

arbitrator and then a third arbitrator would be appointed as a neutral umpire.

        On October 27, 2006, Sureco designated Joseph Buttafuoco, Esquire as Sureco's party-

appointed arbitrator under Article XVII of the Agreement. (Pl.'s Br. Dismiss Ex. B). On October

30, 2006, the Liquidator designated Douglas Maag, Esquire as its party-appointed arbitrator.

(Pl.'s Br. Dismiss Ex. C).  As a result of the delay caused by cross-petitions filed by the

Liquidator and Sureco in federal court in New York, on April 5, 2007 this Court entered a Stipulation to Amend the September 29, 2006 Consent Order for the purpose of extending the deadline to complete the arbitration until October 31, 2007. (Pl.'s Br. Dismiss Ex. D).  To date, however, no neutral umpire has been selected.

Under the Agreement, Sureco is required to pay its chosen arbitrator for his fees and expenses and to pay one-half of the fees and expenses of the selected neutral umpire.  Sureco objected to the arbitrator initially designated by the Liquidator.  On November 28, 2006, the Liquidator filed a petition to disqualify Mr. Buttafuoco as Sureco's arbitrator, in the United States District Court for the Southern District of New York, Docket No. M-82.  Thereafter, on January 19, 2007, Sureco filed a motion to transfer, or in the alternative, response in opposition to the Liquidator's petition to disqualify.  On March 5, 2007, the court in New York denied Sureco's motion to transfer and also denied the Liquidator's petition to disqualify.  Thus, no neutral umpire has been selected.  These maneuverings have brought the arbitration to a halt.

On June 4, 2007, Lewis E. Hassett, Jessica F. Pardi, William F. Megna and the law firm of Morris, Manning & Martin, LLP ("MMM") filed an application to withdraw as counsel for Teetelli and Sureco in this action.  Although the Application does not state the basis for the requested withdrawal, on May 16, 2007, MMM advised Fox Rothschild LLP that its request to withdraw as counsel would be forthcoming due to Sureco's and Teetelli's nonpayment of legal fees. (Arth Aff. ¶2).

On July 2, 2007 the Honorable John J. Hughes, U.S.M.J. issued an Order granting MMM's motion to withdraw as counsel for Teetelli and Sureco and directed the two defendants to retain new counsel no later than July 30, 2007, although Teetelli, as an individual, could enter

3

an appearance pro se.  Teetelli and Sureco have not contacted the Court since their former attorneys withdrew from this matter, and there has been no entry of appearance on their behalf.

## II.    DISCUSSION

The Liquidator moves to dismiss the arbitration between it and Sureco, and lift the stay of this action, so that the dispute regarding the owed premiums may proceed against all defendants and be adjudicated by this Court.  In addition the Court raises sua sponte the issue regarding Teetelli and Sureco's violation of Judge Hughes' Court Order to retain counsel.

### A.    Motion to Dismiss Arbitration and Lift Stay of this Action

It is well settled that a party can waive its contractual right to arbitration like any other contractual provision. See, e.g., Ehleiter v. Grapetree Stores, Inc., 482 F.3d 207 (3d Cir. 2007); Southern Sys., Inc. v. Torrid Oven Ltd., 105 F. Supp.2d 848, 852 (W.D. Tenn. 2000).  In the Third Circuit, "prejudice is the touchstone for determining whether the right to arbitrate has been waived." Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 925 (3d Cir. 1992) (finding waiver where ample record of prejudice to plaintiffs as result of defendants' participation in numerous pretrial proceedings during the more than 11 months before moving to compel arbitration); see also South Broward Hosp. Dist. v. Medquist, Inc., 2007 WL 1041684 (D.N.J. March 30, 2007) (finding waiver as result of prejudice to plaintiff).

In addition to substantive prejudice to a party's legal position, "a party may be prejudiced by unnecessary delay or expense that results when an opponent delays invocation of its contractual right to arbitrate." Doctor's Assocs., Inc. v. Distajo,  107 F.3d 126, 131 (2d Cir. 1997); see Hoxworth, 980 F.2d at 925-27 (prejudice found where plaintiffs devoted substantial amounts of time, effort, and money in prosecuting the action); see also Ehleiter, 482 F.3d at

4

223-24 (affirming finding of waiver based on prejudice despite lack of substantive prejudice to legal position of party claiming waiver). "Prejudice of this sort is not mitigated by the absence of substantive prejudice to the legal position of the party claiming waiver." Ehleiter, 482 F.3d at 224. In this case, while waiver of the right to arbitrate does not arise in the typical context where a party at the outset of a dispute sits on its right to arbitrate, Sureco's unwillingness to cooperate in selecting a neutral umpire, and its inability and/or refusal to share in the costs of the umpire as required under the Agreement, constitute a refusal to arbitrate. The Liquidator will be prejudiced if forced to appoint and bear 100% of the fees and expenses of a neutral umpire to arbitrate the dispute of the owed premiums, because the Liquidator will be unable to recover those fees and expenses from Sureco. Furthermore, with no counsel for Sureco, who can only proceed through an attorney, it makes it impossible to go forward with the arbitration proceedings. Accordingly, the Court holds that Sureco has abandoned its right to arbitrate.

**B.      Failure to Retain Counsel**

Teetelli and Sureco have been on notice since June 2007, when their former counsel moved to withdraw, that it would need to retain new counsel. It is well settled law that corporate entities may not proceed in a civil action in the Federal Courts without licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194, 202-203 (1993); see generally U.S. v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996). Sureco is a limited liability company and, therefore is required to obtain counsel to participate in federal litigation. Sureco is not permitted to represent itself pro se, as can an individual like Mr. Teetelli. Additionally, Defendants were ordered by the Honorable John J. Hughes, U.S.M.J. on July 2, 2007, to retain new counsel, or that Teetelli could enter his appearance pro se. Despite this Order, Defendants failed to retain

5

counsel, or advise the Court of their intent to do so.  Defendants have failed to communicate with this Court in any manner.  Therefore, Teetelli shall have (14) days to either file his entry of appearance pro se or have counsel enter an appearance on his behalf.  Sureco shall have (14) days to have counsel enter an appearance.  If no appearance is entered by either or both Defendants, then Plaintiffs shall have leave to file for default judgment against Teetelli and Sureco.

## III.    CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Dismiss the arbitration between Plaintiff, the Liquidator, and Defendant, Sureco, and to lift the stay of this action imposed by the Consent Order dated September 29, 2006, as amended by Stipulation dated April 5, 2007 is granted.  Teetelli shall have (14) days to either file his entry of appearance pro se or have counsel enter an appearance on his behalf.  Sureco shall have (14) days to have counsel enter an appearance.  If no appearance is entered by either or both Defendants, then Plaintiffs shall have leave to file for default judgment against Teetelli and Sureco.  An appropriate order will follow.

Dated: October 9th, 2007

s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge

6