**[NOT FOR PUBLICATION]**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
                                    :
ARIO et al.,                        :
                                    :
      Plaintiffs,                  :   Civil Action No. 06-1024 (FLW)
                                    :
      v.                           :
                                    :
MORELLI et al.,                     :   OPINION
                                    :
      Defendants.                  :
                                    :
                                    :
_____ :

**WOLFSON, District Judge**

      Presently before the Court is a motion by Plaintiff, Joel S. Ario, in his official capacity as Insurance Commissioner of the Commonwealth of Pennsylvania, as Liquidator of Reliance Insurance Company (the "Liquidator")[1] for default judgment on his claims against Defendant, Sureco National, LLC ("Sureco") for failure to make an appearance by licensed counsel in accordance with this Court's Order and Opinion dated October 9, 2007.  For the reasons set forth below, Plaintiff's motion is GRANTED.

**I.    Background**

      On March 6, 2006, Plaintiff filed this action against Sureco and its two principals Alfred

---

[1] The original Liquidator was Diane Koken.  On October 15, 2007, the Honorable Judge John J. Hughes, U.S.M.J., entered an order allowing the substitution of Joel S. Ario in her place.

"Fred" Morelli ("Morelli") and Nicholas Teetelli ("Teetelli"), alleging breach of contract, breach of fiduciary duty, unjust enrichment, and conversion.  The action is based on a Program Manager's Agreement (the "Agreement"), effective January 1, 1998, between Reliance Insurance Company ("Reliance") and Sureco.  (Compl. Ex. B, C).  Pursuant to the Agreement, Teetelli, agreed to perform as a program manager for Reliance in its "Execusure Program" to provide automobile insurance for radio-dispatched delivery cars in the five boroughs of New York City and the New York Counties of Suffolk, Nassau, Westchester and Rockland.  (Compl. ¶ 11).  Teetelli's duties under the agreement included, inter alia, collecting and receiving premiums from policyholders, and accounting for and paying those premiums to Reliance. (Id.)  In turn, Reliance agreed to compensate Teetelli in the form of a production and administration commission of 17% of gross written premiums received by Reliance for policies bound or written under the Agreement.  (Id.)  Plaintiff alleges that the Agreement was assigned or otherwise transferred to Sureco.  (Id.)

     Plaintiff contends that, during the time that Teetelli and Sureco acted as program managers for the Execusure Program thousands of polices were bound or written with gross premiums of approximately $35 million.  (Id. at ¶ 12).  Despite their fiduciary obligations, Teetelli and Sureco repeatedly failed to timely and accurately account to Reliance for the premiums that they collected and received on Reliance's behalf. (Id. at ¶ 18).  Sureco's last payment of premiums to Reliance was on April 27, 1998.  (Id. at ¶ 20).  However, from May 1998 through February 1999, Sureco used its status as fiduciary for Reliance to collect and deposit $2,526,488 in premiums.  (Id. at ¶ 20).  None of that money was paid to Reliance.  (Id.) Instead these funds were systematically misappropriated on over 30 separate occasions, and

2

defendants withdrew a total of $1,027,053 in premium trust funds from Reliance's premium trust account and deposited those premiums into Sureco's operating account for the benefit of Sureco and its principals.  (Id. at ¶ 20).  Notwithstanding Teetelli and Sureco's respective failure to maintain accurate records to provide a complete accounting under the Agreement, Plaintiff has been able to determine that Teetelli and Sureco have collected, but wrongfully refused to remit to Reliance, net (after commission) premiums in an amount not less than $876,400.  (Id. at ¶ 22).

On June 4, 2007, Lewis E. Hassett, Jessica F. Pardi, William F. Megna and the law firm of Morris, Manning & Martin, LLP ("MMM") filed an application to withdraw as counsel for Teetelli and Sureco in this action.  Although the Application does not state the basis for the requested withdrawal, on May 16, 2007, MMM advised Fox Rothschild LLP that its request to withdraw as counsel would be forthcoming due to Sureco's and Teetelli's nonpayment of legal fees. (Arth Aff. ¶ 2).

On July 2, 2007, the Honorable John J. Hughes, U.S.M.J. issued an order granting MMM's motion to withdraw as counsel for Teetelli and Sureco, and directed the two defendants to retain new counsel no later than July 30, 2007, even though Teetelli, as an individual, could enter an appearance pro se.  Subsequently, on October 9, 2007, because no appearances were entered by Teetelli or Sureco, the Court entered an order declaring that if no appearance was entered by licensed counsel on behalf of Sureco within 14 days, Plaintiff would be granted leave to file a default judgment against Sureco.

Although an appearance was entered by Gerard C. Vince on behalf of Teetelli, no appearance was entered by licensed counsel on behalf of Sureco within 14 days of the October 9, 2007 order.  Accordingly, Plaintiff filed this Motion for Entry of Final Judgment by Default in

3

favor of the Liquidator and against Sureco on October 29, 2007.

## II.     Standard for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default pursuant to Fed. R. Civ. P. 55(a).  See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n. 1 (3d Cir. 2006).  Although Rule 55(a) refers to entry of default by the clerk, default may also be entered by the court.  Fed. R. Civ. P. 55(a); see Rhino Associates, L.P. v. Berg Mfg. and Sales Corp., No. 1:04-CV-1611, 2007 WL 3490165, *2 n. 5 (M.D. Pa. Nov. 14, 2007); Sys. Indus., Inc. v. Han, 105 F.R.D. 72, 74 n. 1 (E.D. Pa. 1985) ("Although Rule 55(a) speaks of entry of a default by the clerk, the court has the power to perform this task as well."); see also Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 917-19 (3d Cir. 1992).

Once this procedural hurdle has been met, it is within the discretion of the court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).  However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  Furthermore, the preference is to dispose of cases on the merits whenever practicable. Id. at 1181 (citations omitted).

## III.    Discussion

As a corporation, Sureco must be represented in court by counsel. See Simbraw, Inc. v.

U.S., 367 F.2d 373, 373 (3d Cir. 1966) (per curiam) (holding that "a corporation [must], to litigate its rights in a court of law, employ an attorney at law to appear for it and represent it in the court"), cited with approval in, Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 203 (1993). In the instant matter, Sureco has failed to make an appearance by licensed counsel and defend Plaintiff's claims against it. Two orders were entered directing Sureco to retain new counsel: first, on July 2, 2007 the Honorable John J. Hughes, U.S.M.J., issued an order directing defendants, Teetelli and Sureco, to retain new counsel no later than July 30, 2007; second, on October 9, 2007, this Court entered an order declaring that if no appearance was entered by licensed counsel on behalf of Sureco within 14 days, Plaintiff would have leave to file a default judgment against it. To date, Sureco has failed to make an appearance through licensed counsel. Thus, the Court enters default against Defendant Sureco pursuant to Rule 55(a).

      Having concluded that default against Sureco is warranted, the Court turns to the issue of default judgment. See Fed. R. Civ . P. 55(b)(2). "If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing." Fed. R. Civ. P. 55(b)(2). On October 29, 2007, Plaintiff filed a Motion for Default Judgment. In accordance with the notice requirement of Rule 55(b)(2), the certificate of service accompanying Plaintiff's Motion for Default Judgment indicates that Sureco was served via first class mail with copies of the Application for Entry of Default Judgment, its proposed order, and the declaration of Cheryl A. Garber, Esq. Sureco has failed to oppose this motion and more than 3 days has passed since service of the application for default judgment. Thus, the Court finds that a grant of default

judgment is appropriate. Furthermore, taking Plaintiff's pleadings as true, the Court finds that the claims against Sureco for breaching the Agreement have merit. Accordingly, Plaintiff may recover a sum certain of $876,400 from Sureco. (See Compl. ¶ 22).

**IV.    Conclusion**

For the foregoing reasons, Plaintiff's Motion for Default Judgment against Sureco is granted and the Liquidator may recover a sum certain of $876,400 from Sureco. An appropriate order will follow.


Dated: January 29, 2008                                    /s/  Freda L. Wolfson
                                                          The Honorable Freda L. Wolfson,
                                                          United States District Judge